# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2382 | **DATE** | 8/31/2004 |
| **CASE TITLE** | Robinson vs. Lother, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 9/23/2004 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Defendants motion to stay (doc. # 11) is GRANTED. As a result of that ruling, the referral dated 06/16/04 (doc. # 14) is hereby terminated. The parties are directed to discuss the possibility of settlement. The matter is set for a status conference on 09/23/04 at 9:00 a.m. for a report on the status of settlement discussions.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 0 1 2004 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| mm | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
SEP 0 1 2004

SHACARLIA ROBINSON, )
)
    Plaintiff, )
)
vs. ) No. 04 C 2382
) District Judge Andersen
OFFICER LOTHER, OFFICER WARE, ) Magistrate Judge Schenkier
OFFICER HOUSTON, OFFICER )
SWEETING, OFFICER NELSON, )
OFFICER DITZIG, OFFICER FRAGALE, )
and THE CITY OF ZION, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shacarlia Robinson ("plaintiff"), has filed a fourteen- count complaint against the City of Zion, Illinois and several of its police officers: Lother, Ware, Houston, Sweeting, Nelson, Ditzig, and Fragale. The complaint alleges a variety of federal and state law claims stemming from the plaintiff's arrest on April 1, 2002, during which time the defendant police officers allegedly punched and pepper sprayed the plaintiff (Compl., at ¶¶ 12-21). The plaintiff asserts claims of excessive force claims against each of the named officers pursuant to 42 U.S.C. § 1983 (Counts I-VII); a state tort law indemnity action against the City pursuant to 745 ILCS 10/9-102 (Count VIII); a false imprisonment and unlawful arrest claim against Officer Lother (Counts IX and X); and claims against the City arising under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978) (hereinafter the "*Monell* claim(s)"), alleging (1) a policy, custom, and practice of excessive force, (2) improper training fostering excessive force, (3) inadequate and improper hiring and screening, and (4) improper hiring (Counts XI-XIV).

In connection with the events of April 1, 2002, the plaintiff was charged with aggravated assault, resisting a peace officer, two counts of battery, and criminal damage to property (Def.'s Mot. at 2), and named as a defendant in *People of the State of Illinois v. Robinson*, No. 02 CM 2149, which was tried in the Nineteenth Judicial Circuit, Lake County, Illinois (Defs.' Mot. at 1-2). Plaintiff was found guilty of resisting a peace officer and is currently appealing that verdict. In her opening brief on appeal, the plaintiff has identified two issues for review: (1) whether the trial court erred by denying admission of evidence that Officer Lother had, on an occasion prior to the plaintiff's arrest, sprayed a different suspect with pepper spray while handcuffed to a wall; and (2) whether the trial court erred when it permitted the state's witness, Officer Ware, to testify that, in his opinion, Officer Lother did not use excessive force against Ms. Robinson (Defs.' Reply Mem. Ex. B at 3). In her appeal brief in the state criminal proceeding, the plaintiff has argued that "[t]he issue of whether Lother used excessive force against Ms. Robinson was a central issue at trial" (*Id.* at 25).

The defendants have filed a joint motion to stay proceedings in this federal case, under the authority of *Younger v. Harris,* 401 U.S. 37 (1971), until resolution of plaintiff's state court appeal of her criminal conviction (doc. # 11). The presiding district judge has referred the motion to this Court for ruling (doc. # 14). After careful review of the record, the Court agrees that *Younger* abstention is warranted with respect to all claims in the plaintiff's complaint, and that the motion for a stay should therefore be granted.

# I.

We begin our analysis with a brief overview of the doctrine of abstention that originated in the United States Supreme Court's decision in *Younger v. Harris,* 401 U.S. 37 (1971). In *Younger,* the U.S. Supreme Court held that, absent extraordinary circumstances, federal courts must abstain from enjoining ongoing state criminal proceedings. *Younger,* 401 U.S. at 41. This type of abstention – known as *Younger* abstention – is based on principles of equity and comity, that is, a proper respect for state judicial systems. *Younger,* 401 U.S. at 44.

Since its inception, the doctrine of *Younger* abstention has been expanded in several ways. *First, Younger* abstention now applies not only to federal claims seeking to enjoin ongoing state criminal proceedings, but also to federal claims for damages, where the federal claims "are potentially subject to adjudication" in the state criminal proceeding and thus could "interfere" with the state criminal proceeding. *See, e.g., Simpson v. Rowan,* 73 F.3d 134, 137-39 (7th Cir. 1996). The reasoning is that "a federal damages suit, although not interfering with the state proceeding to the same degree as an injunction, could beat the state action to judgment and either undermine, *Simpson,* 73 F.3d at 138, or preclude, *Deakins v. Monaghan,* 484 U.S. 193, 208-09 (1998) (White, J., concurring), the State's consideration of some issues." *Majors v. Engelbrecht,* 149 F.3d 709, 714 (7th Cir. 1998). *Second,* although the holding in *Younger* was limited to federal claims to enjoin ongoing state criminal proceedings, the *Younger* abstention doctrine has been extended to apply to federal claims that would seriously interfere with any state court proceedings – whether criminal, civil or administrative – so long as those proceedings are judicial in nature. *See Trust & Inv. Advisers, Inc. v. Hogsett,* 43 F.3d 290, 294 (7th Cir. 1994).

In deciding whether *Younger* abstention applies, a court must determine, at the threshold, whether litigating claims that are presented in a federal lawsuit could interfere with an ongoing state proceeding. *Simpson*, 73 F.3d at 138 (finding abstention appropriate where the federal claims "may also be involved in the underlying state court criminal prosecution," and "are potentially subject to adjudication in his appeal to the state supreme court").[1] If so, then the court must abstain from proceeding with the federal claims if the court further determines that: (1) the state proceedings are judicial; (2) the state proceedings must implicate important state interests; (3) there is an adequate opportunity in the state court proceeding to raise the constitutional challenge presented in the federal claims; and (4) there are no extraordinary circumstances that would render abstention inappropriate. *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). The "extraordinary circumstances" exception to *Younger* abstention is a limited one that applies only in those situations where the state proceeding is being conducted in bad faith or for purposes of harassment, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); where "there is an extraordinarily pressing need for immediate equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975); or where the challenged provision "patently" violates "express constitutional prohibitions." *Jacobson v. Village of Northbrook Mun. Corp.*, 824 F.2d 567, 570 (7th Cir. 1987). While the *Younger* doctrine typically calls for dismissal of the federal action if the plaintiff in the federal action seeks to enjoin the state court action, a federal court will stay rather than dismiss the federal action case where the plaintiff in the federal action seeks damages which are not available in the pending state proceeding. *Simpson*, 73 F.3d at 139;

---

[1] In light of *Simpson*, we reject the plaintiff's assertion that *Younger* abstention is appropriate only when the federal proceedings "necessarily resolve issues which could determine the outcome of pending state criminal proceedings" (Pl.'s Mem. at 5-6).

4

*McGladery v. Callum*, 1998 WL 89298, at *4-*5 (N.D. Ill. Feb. 19, 1998); *Mitts v. Marszewski*, 1998 WL 26151, at *2 (N.D. Ill. Jan 14, 1998).

## II.

With these principles in mind, we consider first whether the federal claims in this case could interfere with the state court criminal proceeding. Here, as did the Seventh Circuit in *Simpson*, we conclude that the "potential for federal-state friction" between this case and the state court criminal proceeding is "obvious," 73 F.3d at 138, because plaintiff's federal lawsuit "raises constitutional issues that are potentially subject to adjudication in [her] appeal." *Id.* at 138.

### A.

We will begin with the excessive force claims against the defendant officers (Counts I-VII), and the claim against the City to indemnify the officers against liability for the alleged excessive force (Count VIII). In this action, the plaintiff asserts that Officer Lother engaged in various acts of excessive force against her, and her theory of liability against the other officers is that they enabled Officer Lother to commit those acts by holding her down and failing to intervene to stop Officer's Lother use of that force (Compl. ¶¶ 21, 32; Counts II-VII). The appropriateness of the force used by Officer Lother was, as the plaintiff has argued in her state court criminal appeal, a "central issue" at the plaintiff's state court criminal trial on the charge of resisting a police officer.

Under Illinois law, the offense of resisting a police officer is defined as follows:

> A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer or correctional institution employee of any authorized act within his official capacity commits a Class A misdemeanor.

720 ILCS 5/31-1. Illinois law recognizes that an accused may defeat a charge of resisting a police officer where the accused invokes the right of self-defense, and the evidence shows that the police officer used excessive force. *See People v. Williams,* 640 N.E.2d 981, 985 (2d Dist. 1994).

In her state court criminal trial, the plaintiff raised the issue of self-defense, and testified that she used force during the course of her arrest as a means to defend herself in response to what she claimed was Officer Lother's (as well as other named defendants') excessive use of force against her (Defs.' Reply Mem., Ex. A, 01/30/03 Tr., at 25-31). The trial judge ruled that a self-defense jury instruction was proper (*Id.*, at 57-58). The jury was therefore instructed, in relevant part, as follows:

> A person commits the offense of resisting or obstructing a peace officer when he knowingly resists or obstructs the performance of any authorized act within the official capacity of one known to him to be a peace officer.
>
> To sustain the charge of resisting or obstructing a peace officer, the State must prove the following propositions:
>
> First proposition, that Officer Lother was a peace officer; and second proposition, that the defendant knew Officer Lother was a peace officer; and third proposition, that the defendant knowingly resisted or obstructed the performance by Officer Lother of an authorized act within his official capacity; and fourth proposition, that the defendant was not justified in using the force which he used.
>
> If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.
>
> And if you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.
>
> A person is not authorized to use force to resist an arrest which he knows is being made by a peace officer, even if he believes that the arrest is unlawful and the arrest in fact is unlawful.
>
> A peace officer need not retreat nor desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use

6

of any force which he reasonably believes to be necessary to effect the arrest or to defend himself from bodily harm while making the arrest...

A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself against the imminent use of unlawful force.

(*Id.*, at 101-104).

From these instructions, it is clear that the issue of excessive force was central to the plaintiff's defense to the charge of resisting a police officer; and, therefore, the jury was instructed to consider whether Officer Lother's use of force was excessive. The jury found plaintiff guilty of resisting arrest. To reach this verdict, the jury, according to these instructions, must have found that Ms. Robinson's use of force was not justified. That finding would reflect a rejection of the proposition that Ms. Robinson reasonably believed that the use of unlawful (*e.g.*, excessive) force by Officer Lother was imminent – much less that unlawful force in fact was used.

Ms. Robinson's federal court claim is, in substance, a mirror image of the excessive force argument she has raised in the state criminal proceeding. Rather than using the excessive force argument as a shield to criminal liability, as she does in state court, in federal court Ms. Robinson asserts the same alleged conduct by Officer Lother as a sword to impose civil liability on him (and the other defendants). In a trial of plaintiff's federal excessive force claims, the instruction given on a claim of excessive force likely would state, in substance, the following elements:

> To prevail on a claim of excessive force, a party must prove the following elements by a preponderance of the evidence:
>
> 1. That the officer intentionally used force;
>
> 2. That the force the officer used exceeded the degree of force that a reasonable officer would have used under the circumstances; and

7

> 3. That, as a direct result of the officer's force, the defendant suffered some harm.
>
> The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, without the benefit of 20/20 hindsight. This reasonableness inquiry is an objective one: the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.

(Judge Kennelly's Jury Instructions, 01/11/02, *Stassen v. Village of Arlington Heights*, at 16). Thus, the excessive force claims here raise constitutional issues that are at issue in the criminal appeal: Ms. Robinson's self defense/excessive force argument. If the district court does not abstain in this case, and the excessive force claims are adjudicated in plaintiff's favor, then that federal judgment might "seriously interfere" with the state appellate court's consideration of the issues raised in the ongoing criminal appeal of plaintiff's conviction by undermining or precluding the state court's consideration of that issue. *Majors*, 149 F.3d at 714.

We have considered the authorities cited by the plaintiff for the proposition that *Younger* abstention is not automatically required where a federal excessive force claim is filed in the face of a state court criminal conviction for resisting arrest. *See, e.g., Gregory v. Oliver*, 226 F.Supp.2d 943, 952 (N.D. Ill. 2002). We agree with that proposition: like the *Gregory* court, we can envision cases where the alleged excessive force is so disproportionate to the conduct giving rise to the conviction for resisting arrest, or where the alleged excessive force is so removed in time or place from the conduct giving rise to the state criminal conviction, that there would be no "potential for federal-state friction" if both the state and federal actions were to proceed simultaneously. We simply disagree that this is such a case, given the evidence about the issues raised and instructions given in the state court criminal prosecution, and given the plaintiff's assertion in her state court appeal that the

8

question of the level of force applied by Officer Lother was a "central" or "key" issue at trial (Defs.' Reply Mem., Ex. B at 25). Accordingly, we find that if allowed to proceed, the federal claims of excessive force against Officer Lother (as well as the claims against the other officers)[2] and the indemnity claim against the City (which also is premised on establishing that Officer Lother engaged in excessive force) could seriously interfere with the pending criminal proceeding.

**B.**

We now consider plaintiff's claims against Officer Lother for false imprisonment (Count IX) and unlawful arrest (Count X). Here, we likewise conclude that these claims raise issues that, if decided in this Court, would interfere with the issues presented to the state appellate court for review. The plaintiff was convicted of resisting arrest. The plaintiff, in her complaint, denies that she resisted arrest (Compl. ¶ 22) and, thus, alleges that the arrest "was devoid of any justifiable basis and lacked probable cause" (Compl. ¶¶ 75, 79). These allegations are the basis for plaintiff's unlawful arrest and false imprisonment claims in Counts IX and X.

On appeal, the plaintiff challenges the jury's findings regarding the amount of force used by the defendants to arrest her as well as the amount of force she used to defend herself. Determinations regarding the amount of force that plaintiff used in response to the defendants when they sought to arrest her and whether the use of force was justified are the centerpiece of her claim of self-defense in the state criminal appeal, as well as of her unlawful arrest and false imprisonment claims in this Court. Therefore, the lawfulness of the arrest and/or plaintiff's response to it is directly implicated in the state court appeal, there appears to be potential interference between

---

[2]The excessive force claims against the other officers is dependent on the plaintiff showing that Officer Lother used excessive force, because those officers are alleged to have enabled Officer Lother's attacks by holding plaintiff to the ground (Coml. ¶¶ 21, 32)).

9

adjudication of the false imprisonment and unlawful arrest claims raised in this Court (Counts IX and X) and the ongoing state proceedings.

## C.

Next, we address whether plaintiff's *Monell* claims could interfere with the ongoing state court proceedings. The plaintiff's *Monell* claims allege (1) an unlawful policy, custom and practice of using excess force (Count XI); a failure to train, thereby fostering the use of excessive force (Count XII); inadequate and improper hiring and screening (Count XIII); and improper hiring (Count XIV). All of these claims depend, in the first instance, on the plaintiff establishing that excessive force was used by Officer Lother – which is a central issue in the state court proceeding. Thus, for the reasons discussed in Section II.A and II.B, above, we conclude that proceeding with the *Monell* claims also could cause friction with the pending state court proceeding.

## III.

We now consider whether the other requirements for *Younger* abstention are met in this case. Certainly, the first requirement is met, as there can be no dispute that the state court proceeding is judicial and is ongoing: the plaintiff has appealed her conviction for resisting arrest to the Illinois Appellate Court, and that appeal remains pending. The second requirement is met because the state proceeding implicates important state interests: the prosecution of alleged criminal activity, as well as the behavior of police officers in effectuating arrests. *See Younger*, 401 U.S. at 41-42 (abstention appropriate in light of plaintiff's criminal conviction); *Beres v. Village of Huntley, Ill.*, 824 F. Supp. 763, 766-67 (N.D. Ill. 1992) (reasoning that the proceedings did not implicate important state interests because, for example, the state proceedings did not involve a criminal prosecution). The third requirement is met, as the plaintiff has the opportunity to present the

question of whether Officer Lother committed excessive force in the state criminal proceeding: it was a centerpiece of her defense to in the trial court, and remains a central issue in her appeal.

Thus, in order to avoid abstention, the Court would have to find that there are "extraordinary circumstances" that would auger in favor of allowing the federal case to proceed. *Simpson*, 73 F.3d at 137. Plaintiff does not indicate that any extraordinary circumstances, including bad faith or prejudice, exist here, and it is plaintiff's burden to make that showing. *Green v. Benden*, 281 F.3d 661, 667 (7th Cir. 2002).

## CONCLUSION

For the reasons set forth above, the Court grants the defendants' motion to stay the case, pursuant to the doctrine of *Younger* abstention (doc. # 11). Because plaintiff seeks damages here that are unavailable on the pending state court proceeding, the Court will stay the case, rather than dismiss it, pending resolution of the state court appeals of plaintiff's criminal conviction. *See Simpson*, 73 F.3d at 139.[3]

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: August 31, 2004**

---

[3] In support of their motion, the plaintiffs also have cited *Heck v. Humphrey*, 512 U.S. 477, 486-87(1994), which holds that a plaintiff who seeks to recover damages in a Section 1983 action for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ for habeas corpus." Absent such a showing, the Section 1983 claim is not cognizable, and would be subject to dismissal. *Id.* at 487. Since the defendants here seek a stay rather than dismissal of the plaintiff's claims, we need not address at this time any argument based on *Heck*.