IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHACARLIA ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 2382 |
| | ) |
| OFFICER LOTHER, OFFICER | ) Wayne R. Andersen |
| WARE, OFFICER HOUSTON, | ) District Judge |
| OFFICER SWEETING, OFFICER | ) |
| NELSON, OFFICER DITZIG, | ) |
| OFFICER FRAGALE, and THE CITY | ) |
| OF ZION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

On July 12, 2005, the defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) with respect to plaintiff's complaint against the City of Zion and seven of its police officers. The plaintiff alleges that the defendant police officers violated her civil rights under 42 U.S.C. § 1983 by using excessive force during her arrest and that their actions resulted in an unlawful arrest and false imprisonment. Plaintiff further alleges that the excessive force used during her arrest is in part due to the City's policy and the inadequacy of its training and hiring standards. For the reasons set forth below, the defendants' motion to dismiss is granted.

## I. STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the sufficiency of the complaint and not to decide the merits of the challenged claims. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524, n. 1 (7th Cir.1996). When reviewing a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen.*

*Fin.,Inc.*, 246 F.3d 1065, 1067 (7th Cir.2001). Dismissal is only proper when it appears beyond a doubt that plaintiff can prove no set of facts to support the allegations set forth in the claim that would entitle her to relief. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir.2003).

## II. BACKGROUND

The plaintiff, Shacarlia Robinson, is a resident of the City of Zion, Illinois. The defendants in this case are the City of Zion and members of the City of Zion Police Department. The civil rights action pursuant to 42 U.S.C. § 1983 arises from a confrontation between the plaintiff and the defendants at the plaintiff's residence.

On April 1, 2002, Officer Lother and Officer Ware interacted with Ms. Robinson's brother in the parking lot of a store located near her residence. Ms. Robinson reprimanded the officers from her front yard and called out to her sister, who was closer to the officers, to determine the reason that her brother was being questioned. Officer Lother then approached Ms. Robinson. According to Ms. Robinson's complaint, Officer Lother, without provocation, grabbed her in a violent manner, punched her and tackled her to the ground. Ms. Robinson alleges that she was unable to move her hands from under her body as the other defendant officers held her down on the ground while Officer Lother pepper sprayed her twice in the face. She claims she "did not resist arrest and/or batter Officer Lother or any other officer" and that the officers' actions were unnecessary and unreasonable. (Pl.Complaint ¶ 22, 28-31).

As a result of the incident on April 1, 2002, Officer Lother placed Ms. Robinson under arrest. She was charged with aggravated assault, resisting a peace officer, two counts of battery, and criminal damage to property, and named as a defendant in *People of the State of Illinois v. Robinson*,

No. 02 CM 2149, which was tried in the Nineteenth Judicial Circuit, Lake County, Illinois (Defs.' Mot. to Dismiss, Ex. C at 17).

Under Illinois law, the offense of resisting a police officer is defined as follows:

> A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer or correctional institution employee of any authorized act within his official capacity commits a Class A misdemeanor.

720 ILCS 5/31-1. Illinois law recognizes that an accused may defeat a charge of resisting a police officer of the accused invokes the right of self-defense, and the evidence shows that the police officer used excessive force. *See People v. Williams,* 267 Ill.App.3d 82, 203 Ill.Dec. 831, 640 N.E.2d 981, 985 (2d Dist.1994).

In her state court criminal trial, the plaintiff raised the issue of self-defense, and testified that she used force during the course of her arrest as a means to defend herself in response to what she claimed was Officer Lother's (as well as other named defendants') excessive use of force against her. (Defs.' Mot. to Dismiss, Ex. F, 01/30/03 Tr., at 25-31). The trial judge ruled that a self-defense jury instruction was proper. (*Id.*, at 57-58). The jury was therefore instructed, in relevant part, as follows:

> A person commits the offense of resisting or obstructing a peace officer when he knowingly resists or obstructs the performance of any authorized act within the official capacity of one known to him to be a peace officer.
>
> To sustain the charge of resisting or obstructing a peace officer, the State must prove the following propositions:
>
> First proposition, that Officer Lother was a peace officer; and second proposition, that the defendant knew Officer Lother was a peace officer; and third proposition, that the defendant knowingly resisted or obstructed the performance by Officer Lother of an authorized act within his official capacity; and fourth proposition, that the defendant was not justified in using the force which he used.
>
> If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

> And if you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.
>
> A person is not authorized to use force to resist an arrest which he knows is being made by a peace officer, even if he believes that the arrest is unlawful and the arrest in fact is unlawful.
>
> A peace officer need not retreat nor desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he reasonably believes to be necessary to effect the arrest or to defend himself from bodily harm while making the arrest ...
>
> A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself against the imminent use of unlawful force.

(*Id.*, at 101-104). The jury found Ms. Robinson guilty of resisting a peace officer and not guilty of the remaining charges. (Defs.' Mot. to Dismiss, Ex. C at 17). The Second District Court of Appeals affirmed the conviction and the Illinois Supreme Court denied Ms. Robinson's petition for leave to appeal. (Defs.' Mot. to Dismiss at 3).

Ms. Robinson filed a fourteen-count complaint on April 1, 2004 against the City of Zion and its police officers Lother, Ware, Houston, Sweeting, Nelson, Ditzig and Fragale. She asserts claims of excessive force against each of the named officers pursuant to 42 U.S.C. § 1983 (Counts I-VII); a state tort law indemnity action against the City pursuant to 745 ILCS 10/9-102 (Count VIII); a false imprisonment and unlawful arrest claim against Officer Lother (Counts IX and X); and claims against the City alleging: (1) a policy, custom, and practice of excessive force, (2) improper training fostering excessive force, (3) inadequate and improper hiring and screening, and (4) improper hiring (Counts XI-XIV). The Supreme Court decision *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct.

4

2018, 56 L.Ed.2d 611 (1978) established the legal basis of the claims against the City, which are hereinafter referred to as the "*Monell* claim(s)."

On September 1, 2004, this Court granted the defendants' motion to stay the civil proceedings until Ms. Robinson completed the appeal of her conviction. Subsequent to the conclusion of the appeal in December 2004, the defendants filed a motion to dismiss Ms. Robinson's complaint in its entirety.

## III.  DISCUSSION

The defendants' motion to dismiss rests on the theory that all counts of the plaintiff's complaint are barred by the *Heck* doctrine. In *Heck v. Humphrey*, the Supreme Court held that a plaintiff who has previously been convicted of a crime does not have a claim for damages under 42 U.S.C. § 1983 if the claim would either negate an element of the crime or necessarily imply the invalidity of that conviction. 512 U.S. 477, 486 (1994).

In its interpretation of *Heck*, the Seventh Circuit held that if a plaintiff makes allegations that undermine the validity of the plaintiff's conviction, "*Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). In *Okoro*, the plaintiff was convicted of drug offenses. He filed suit against federal and state officers seeking the return of gems and cash they allegedly stole during a search of his residence. The plaintiff claimed he attempted to sell the officers gems, not drugs as they had testified, and that it was these gems the officers stole during their search. The Seventh Circuit noted the possibility that the plaintiff could be guilty of drug offenses and also the victim of theft. However, under *Heck* it was obliged to ignore "theoretical possibilities" and instead focus on the allegations set forth in the complaint. *Okoro*, 324 F.3d at 490. The court upheld the dismissal of the suit on the basis that the plaintiff's allegations were inconsistent with his conviction

5

and were therefore barred by *Heck. Id.* With these principles in mind, we now turn to the claims set forth in the plaintiff's complaint.

## A. Excessive Force

The plaintiff's allegations of excessive force against Officer Lother and six of his fellow officers and the indemnity claim against the City are barred by *Heck*. The plaintiff asserts that Officer Lother engaged in various acts of excessive force against her, and her theory of liability against the other officers is that they enabled Officer Lother to commit those acts by holding her down and failing to intervene to stop Officer's Lother use of that force.

For the plaintiff's claim to succeed the trier of fact would have to find that the police officers used excessive force to effectuate her arrest. However, the appropriateness of the force used by the officers was, as the plaintiff argued in her state court criminal appeal, the "ultimate issue" in the plaintiff's state court criminal trial on the charge of resisting a police officer. (Defs.' Mot. to Dismiss, Ex. C, at 33). Under the set of instructions presented by the court, the jury must have concluded that the plaintiff's use of force was not justified when deciding to reject her affirmative defense and find her guilty of resisting a peace officer. That finding stands in direct conflict with the plaintiff's allegations that she "did not resist arrest and/or batter Officer Lother or any other officer" and that the officers' actions were unnecessary and unreasonable. (Pl.Complaint ¶ 22, 28-31).

We have considered the authorities cited by the plaintiff for the proposition that the *Heck* doctrine is not to be used as a blanket prohibition to § 1983 claims arising out of an arrest that results in a conviction. *See e.g. Gregory v. Oliver*, 226 F.Supp.2d 943 (N.D.Ill. 2002). We agree with that proposition; we can envision cases where the alleged excessive force is so distinct in time or place

from the conduct giving rise to the state criminal conviction as to warrant a trial on the merits of the § 1983 claim.

However, we are not to entertain "theoretical possibilities." *Okoro,* 324 F.3d at 490. According to the plaintiff's original complaint, the alleged excessive force took place as the officers were executing the arrest, which as we have said was a central issue in the state criminal proceedings against the plaintiff. A successful prosecution of the plaintiff's excessive force claims would necessarily imply that the police officers used unreasonable force and, therefore, that the plaintiff's conviction for resisting a peace officer was erroneous. Accordingly, the plaintiff's excessive force allegations against the officers and the indemnity claim against the City (which is also premised on establishing that the officers used excessive force) are barred by *Heck.*

### B. False Imprisonment and Unlawful Arrest

Plaintiff's claims against Officer Lother for false imprisonment (Count IX) and unlawful arrest (Count X) are also barred by *Heck.* The original criminal charges filed against the plaintiff which form the basis of her § 1983 claims are two counts of battery, criminal damage to property, aggravated assault and resisting a peace officer. (Defs.' Mot. to Dismiss, Ex. C at 17). The plaintiff was convicted of resisting a peace officer. The plaintiff, in her complaint, denies that she resisted a peace officer and, thus, alleges that the arrest "was devoid of any justifiable basis and lacked probable cause." (Pl.Complaint ¶¶ 75, 79). These allegations are the basis for plaintiff's false imprisonment and unlawful arrest claims in Counts IX and X.

The Seventh Circuit has held that the existence of probable cause for arrest is an absolute bar to a § 1983 claim for unlawful arrest or false imprisonment. *Mark v. Furay,* 769 F.2d 1266, 1268-69 (7th Cir.1985). Probable cause need not have existed for the charge for which the plaintiff was

7

arrested, so long as probable cause existed for arrest on a closely related charge. *Biddle v. Martin*, 992 F.2d 673, 676 (7th Cir.1993). "[A] plaintiff's previous conviction collaterally estops the plaintiff from reasserting a lack of probable cause." *Currier v. Baldridge*, 914 F.2d 993, 996 (7th Cir. 1990).

The plaintiff is estopped from claiming unlawful arrest or false imprisonment because probable cause for the plaintiff's resisting a peace officer arrest was demonstrated by her conviction. The plaintiff claims that, even if her conviction for resisting a peace officer demonstrates that probable cause existed for the arrest for that charge, it does not follow that probable cause existed for the other criminal charges filed against her. However, probable cause also existed for the other underlying criminal charges because they all arose from the same set of events of April 1, 2002. The plaintiff's false imprisonment and unlawful arrest claims are therefore barred by *Heck* because their successful prosecution would necessarily imply that Officer Lother arrested the plaintiff without probable cause, and would thus undermine the validity of her conviction.

### C. *Monell* claims against the City of Zion

The plaintiff's *Monell* claims against the City of Zion are also barred by *Heck*. The plaintiff's *Monell* claims allege (1) an unlawful policy, custom and practice of using excess force (Count XI); a failure to train, thereby fostering the use of excessive force (Count XII); inadequate and improper hiring and screening (Count XIII); and improper hiring (Count XIV). All of these claims depend, in the first instance, on the plaintiff establishing that excessive force was used by Officer Lother. Thus, for the reasons discussed in Section III.A, above, we conclude that the *Heck* doctrine precludes the plaintiff from proceeding with the *Monell* claims.

## CONCLUSION

For the reasons set forth above, the Court grants the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

                                                        Wayne R. Andersen
                                                        United States District Judge

Dated: February 15, 2006